IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD CHARLES SAARI,<br><br>Defendant. | CR 16–01–H–CCL<br><br><br>ORDER |

Before the Court is the government's second motion for an order of restitution. (Doc. 88). Although Defendant's counsel failed to file a response brief within fourteen days, as required by L.R. CR 47.2(a), Defendant, through his counsel, has indicated that he opposes the motion.

This case is not the typical case in which a Court is faced with the task of disaggregating the loss caused by a defendant's viewing of child pornography from the harm caused by the original abuser because the defendant in this case was the original abuser. It is also somewhat atypical because LJ is not the minor subject of the child pornography; she is the minor's mother.

There is no question that LJ suffered trauma when she learned what had been done to her daughter or that the defendant's acts exacerbated her pre-existing condition. The Ninth Circuit remanded the case so that this Court could engage in the apportionment analysis and determine which portion of the victim's past and future medical expenses should be attributed to her pre-existing condition. (Doc. 82 at 3). The Ninth Circuit also held that this Court "may consider the full cost of the mother's future counseling, and not just her future co-pays, when calculating her general losses as part of the apportionment analysis." *Id.*

The United States calculates LJ's total losses at $97,557.32. (Doc. 89 at 3). This amount covers the historical cost and projected future cost of LJ'sa medication and therapy for a pre-existing condition as exacerbated by Defendant's conduct.

Rather than making any attempt to apportion the harm, as required by the Ninth Circuit remand, the United States argues that the task is so difficult that the Court should simply reinstate its original restitution order, which will cover approximately 20% of LJ total costs for medication and therapy. (Doc. 89 at 5). The United States relies on a letter prepared by LJ's treatment provider in 2017 and filed with the government's original sentencing memorandum to support its argument regarding the difficulty of the apportionment process.

LJ's therapist explained in her letter that she expects LJ to engage in "another five years of therapy, every 1 - 2 weeks." (Doc. 65-1). The therapist acknowledges that LJ "has a history of trauma that affects her wellbeing" and explains that "[t]rauma has a compounding effect, and it makes recovery and treatment more difficult to untangle and work through when there are multiple occurrences." (Doc. 65-1). The fact that the task of apportioning the loss is difficult does not relieve the Court of doing so.

The government's suggested approach here is similar to the approach rejected by the United States District Court for the District of Montana in *United States v. Kugler*, No. CR 14-73-BLG-SPW, 2016 WL 816741 (D. Mont. Feb. 29, 2016). *Kugler* was a more traditional case, in that the district court was charged with disaggregating the harm caused by the original abuser from the harm caused by the defendant who viewed the images of five victims, rather than apportioning the expenses incurred for treating harm caused by the defendant from expenses incurred for treating the pre-existing condition. In denying the government's restitution motion, the court noted that the government has the "burden to prove, by a preponderance of the evidence, the loss amounts the original abuser caused the victim." *Id.* at *2. The government failed to meet its burden in that case because it relied on two reports from an expert witness. Each report "reiterates

each woman's losses related to the ongoing possess/distribution harm inflicted with no mention of what harm, if any, each woman suffered due to the original abuse." The expert then engaged in a calculation similar to that proposed by the government here – stating that the original abuser was responsible for only 10% of each victim's harm and attributing the other 90% to the individuals that possessed and distributed the images. *Id.*

In the instant case, the government has the burden to prove, by a preponderance of the evidence, the extent to which LJ's total medical expenses have been or will be incurred for treating harm caused by the defendant as opposed to treating harm caused by the pre-existing condition. The government may meet its burden of proof by providing evidence from LJ's treatment provider demonstrating that LJ's need for therapy and medication increased after she learned that her daughter had been abused by the defendant.

The Court cannot simply apportion 20% of the projected total costs for LJ's past and future therapy and medication without some evidence from the United States that the defendant's conduct caused at least a 20% increase in LJ's need for therapy and medication.

The Court recognizes that Defendant's counsel may have chosen not to file a response to the government's brief because Defendant now understands that the

Court could impose a higher restitution amount than previously ordered because Defendant is responsible for all of the costs incurred by LJ as a result of Defendant's conduct, rather than just LJ's co-pays.

Whether the Court grants or denies the government's motion, it must file an amended judgment addressing the restitution issue and is not prepared to do so without hearing from both parties. Accordingly,

IT IS HEREBY ORDERED that the government's motion for an order of restitution is DENIED without prejudice and with leave to refile within fourteen days of entry of this order.

IT IS FURTHER ORDERED that Defendant's counsel shall either file a stipulation signed by Defendant agreeing to the government's proposed restitution amount or a brief opposing the government's motion within fourteen days of being served with the motion. The government's reply brief, if any, or written notice to the court that none will be filed shall be filed within seven days of Defendant's filing his response brief.

DATED this 9th day of September, 2020.

CHARLES C. LOVELL
Senior United States District Judge